UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Briana Wright

     v.

Southern New Hampshire University

Civil No. 20-cv-609-LM
Opinion No. 2021 DNH 149 P


**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD**


Plaintiff Briana Wright brought this class action on her own behalf and on behalf of a proposed class of students and former students of defendant Southern New Hampshire University ("SNHU") who paid tuition and fees for in-person educational services during SNHU's spring 2020 semester. On or around January 25, 2021, following intensive, non-collusive, arm's-length negotiations and substantial exchange of information, the parties reached an agreement to settle their dispute, subject to the court's approval.

On March 3, 2021, plaintiff Wright filed a Motion for Preliminary Approval of Class Action Settlement. On March 12, 2021, the parties served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715.

On April 26, 2021, the court issued an order (the "Preliminary Approval Order") granting the Motion for Preliminary Approval of Class Action Settlement. In that order, doc. no. 31, the court conducted a rigorous and searching analysis of

whether it would likely be able to certify the class for the purposes of settlement and find that the proposed settlement is fair, reasonable, and adequate. The court preliminarily certified the proposed class for settlement purposes, provisionally appointed Wright as the class representative and her counsel of record, Bursor & Fisher, P.A., as class counsel, and preliminarily approved the proposed settlement.

On May 17, 2021, the Settlement Administrator sent the Notice of Proposed Settlement of Class Action (the "Notice") to the settlement class members as ordered.

On July 29, 2021, the court held a fairness hearing regarding the parties' proposed class action settlement. At the court's invitation, on August 12, 2021, class counsel filed a supplemental memorandum in support of the settlement class's motion for award of attorney fees.

The court now finds and rules as follows:

1.      Having considered the settlement class's Motion for Final Approval of the Class Settlement and the statements made at the fairness hearing, the court now grants final approval of the parties' proposed settlement agreement. The court has not reviewed or heard any information that would change the court's view expressed in the Preliminary Approval Order that the class can be certified for settlement purposes and that the proposed settlement is fair, reasonable, and adequate. The court approves the parties' settlement agreement for all the reasons stated in its Preliminary Approval Order, doc. no. 31, and the reasons outlined in the settlement class's final approval pleadings.

2. To the extent this Order employs any term with initial capitalization that is expressly defined in the parties' settlement agreement but not expressly defined in this Order, the definition provided in the parties' settlement agreement is incorporated by reference into this Order.

3. The court confirms that it has jurisdiction over this matter and the parties to it.

4. The court now affirms the findings made in its Preliminary Approval Order. Specifically, the court now finds that, for purposes of settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of settlement class members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the settlement class; (c) the claims of the class representative are typical of the claims of the settlement class members; (d) the class representative and class counsel have and will fairly and adequately represent the interests of the settlement class members; (e) the questions of law and fact common to the settlement class members predominate over any questions affectingly only individual settlement class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the parties' dispute.

5. At the fairness hearing, the court expressed concern regarding the settlement class's request for attorney fees. In particular, the court expressed concern with the size of the requested award relative to both the individual class

3

members' recovery and to the lodestar amount that would be awarded if class counsel's fees were calculated on an hourly basis. In addition, the court expressed concern over whether the complexity of this action warranted such a large attorney fee award. Finally, the court observed that class counsel's hourly rates were far out of line with the hourly rates charged by New Hampshire practitioners of comparable experience, increasing the differential between the requested award and a reasonable lodestar calculation. However, the court acknowledges that the so-called "common fund" doctrine permits fee awards to class counsel calculated as a percentage of the fund created by a settlement for the benefit of the class. Boeing Co. v. VanGemert, 444 U.S. 472, 478 (1980). The court further acknowledges that "use of the [percentage of fund] method in common fund cases is the prevailing praxis" in the First Circuit due to its relative efficiency. In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995). The court agrees with class counsel that, in a matter such as this, reliance on the percentage of fund method tends to promote early and efficient settlement of claims. The court further agrees that, as a matter of economic reality, the individual class members would have been effectively unable to pursue their claims against SNHU through individually retained attorneys absent the potential for a class-based fee award. Accordingly, the court grants the settlement class's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award, doc. no. 32, for the reasons stated in the memorandum in support of that motion.

4

6. For purposes of settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure the court further certifies this action as a class action, composed of the following individuals:

All students and former students [of defendant SNHU] who paid, or on whose behalf payment was made to [defendant in connection with its] Spring 2020 Semester for tuition and fees for in-person educational services, and whose tuition and fees have not been refunded.

Excluded from the settlement class are:

(1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

7. The court finally approves the terms of the parties' settlement agreement and the plan of allocation, the material terms of which include, but are not limited to, the following:

A. Defendant will pay $1,250,000 into a "Settlement Fund" to be held in escrow pending disbursement to class members;

B. Class counsel will receive attorneys' fees of $416,666.66 from the Settlement Fund;

C. Settlement administration costs incurred by the Settlement Administrator, JND Legal Administration LLC, will be deducted from the Settlement Fund;

5

D.     Plaintiff Wright will receive an incentive award in the amount of $5,000 for her contributions to the litigation and services to the settlement class, including incurring the risks and burdens of litigation on behalf of the class members;

E.     Class members who do not elect to exclude themselves from the settlement will automatically receive a pro rata cash payment from the remaining Settlement Fund as a percentage of the total amount of tuition and fees they paid to SNHU in connection with its spring 2020 semester, without needing to submit a claim form, as set forth in the parties' settlement agreement;

F.     The settlement class members who did not exclude themselves are bound by the terms of the parties' settlement agreement, including all releases therein, and their claims are dismissed with prejudice.

8.     The court finds that the Notice and the distribution thereof constituted a reasonable manner of providing notice to those parties who would be bound by the terms of the proposed settlement agreement, and thus satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e). The court further finds that the Notice was the best practicable under the circumstances, and that it constituted due and sufficient notice to the settlement class members and provided them with sufficient information to enable them to make informed decisions as to the proposed settlement and their right to object to or opt out of it.

9. The court further finds that the parties' settlement, on the terms and conditions set forth in their agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settlement class members.

10. The court finds that the settlement class members were given a fair and reasonable opportunity to object to the settlement. No settlement class members objected to the settlement. No settlement class members requested exclusion.

11. This Order is binding on all settlement class members other than those, if any, who either validly and timely excluded themselves from the settlement class and the settlement agreement, or whose late exclusion was or shall be agreed to by the parties.

12. This action is dismissed with prejudice as to all other issues and as to all parties and claims.

13. As of the date ten days after this Order issues, the Released Parties, as defined in the next paragraph, shall be released and forever discharged by all settlement class members (except those individuals, if any, who validly excluded themselves or shall exclude themselves from the settlement class and the settlement agreement) from any and all causes of action, judgments, liens, indebtedness, costs, damages, penalties, expenses, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each a "Claim"), known or unknown, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding SNHU's actions

7

or decisions in respect to the Spring 2020 academic term, including ceasing in-person education and transitioning to a remote format for the Spring 2020 academic term, including but not limited to all claims that were brought or could have been brought in this action.

14.     Released Parties means Southern New Hampshire University, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as SNHU's agents and/or independent contractors in this action.

15.     This Order does not and is not intended to constitute, nor shall it be deemed to constitute, an admission by any party as to the merits, validity, or accuracy of any of the allegations, claims, or defenses of any other party in this case. The court has made no findings and expresses no opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this case.

16.     The settlement class members, including anyone who acts or purports to act on their behalf, shall not bring, assert, or prosecute any claims, actions, or

8

causes of action that assert any of the released Claims against any of the Released Parties.

17. The court retains continuing and exclusive jurisdiction over the parties and the administration of the settlement agreement only with respect to the distribution of the Settlement Fund.

In conclusion, the court grants the settlement class's Motion for Final Approval of the Class Action Settlement (doc. no. 33) and the settlement class's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award (doc. no. 32). All pending motions, if any, are denied as moot. The clerk's office is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 22, 2021

cc: Counsel of Record

9